**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PRINTPACK, INC., and<br>PRINTPACK ILLINOIS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ARIPACK, INC.,<br><br>Defendant. | ) | Civil Action No. __________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs, Printpack, Inc. and Printpack Illinois, Inc., by and through the undersigned counsel, bring this action for patent infringement against Aripack, Inc., and allege as follows:

**PARTIES**

1. Plaintiff Printpack Illinois, Inc. ("Printpack Illinois") is an Illinois corporation. Printpack Illinois is a wholly owned subsidiary of Printpack, Inc. ("Printpack"), a Georgia corporation with its principal place of business at 2800 Overlook Parkway NE, Atlanta, GA 30339. Printpack Illinois and Printpack, together, are referred to hereinafter as "Plaintiffs."

2. On information and belief, Defendant Aripack, Inc. ("Aripack") is a corporation organized under the laws of the State of New York, with its principal place of business located at 1007 Sheffield Avenue, Brooklyn, New York 11207.

3. Aripack manufactures or causes to be manufactured, imports, uses, offers for sale and/or sells and distributes the single serve beverage pods accused of infringement herein.

## JURISDICTION AND VENUE

4. This is an action for injunctive relief, money damages, disgorgement of profits, and costs and attorneys' fees related to Aripack's patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

5. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*

6. This Court has specific personal jurisdiction over Aripack in this District. On information and belief, jurisdiction exists over Aripack because Aripack has committed acts of infringement in this District during at least the April 2016 Specialty Coffee Association of America ("SCAA") trade show at the Georgia World Congress Center, located at 285 Andrew Young International

Boulevard NW, Atlanta, GA 30313. Aripack's social media account evidences that Aripack intended to display its infringing coffee pods during the 2016 SCAA trade show. (Exhibit A). Further on information and belief, during the SCAA trade show, Aripack did display and also used, sold, and/or offered for sale those infringing coffee pods:




(Exhibit B) (red circle added). As a result of Aripack's attendance at the 2016 SCAA trade show, on information and belief, Aripack used, sold, and/or offered

for sale the beverage pods at issue in this action in this District.

7. This Court also has general jurisdiction over Aripack because, on information and belief, Aripack has conducted extensive business activities in the State of Georgia and also derives substantial revenue from selling products into the State of Georgia. In addition to attending the April 15-17, 2016 SCAA trade show in Atlanta, Georgia, Aripack's social media account reveals that it intends to attend the April 2-4, 2017 SNAXPO trade show in Savannah, Georgia (Exhibit C) for the purpose of displaying and selling its products. Aripack has conducted extensive business activities in this state, and intends to continue doing so. Thus, this Court has general personal jurisdiction over Aripack.

8. Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## FACTS

9. Printpack is an industry-leading packaging company founded in 1956. Printpack has a long history of technological innovation in the packaging industry, and Printpack's specific contributions to the state of the art of single serve beverage pods have resulted in millions of dollars of sales.

10. In connection with its research and development efforts to improve single serve beverage pods, Printpack developed a specific design for single serve

beverage pods, which is currently protected by the valid and subsisting United States patent referenced below.

11. Defendant Aripack is a direct competitor of Printpack and is engaged in the business of manufacturing and distributing single serve beverage pods to the beverage and coffee industry.

12. On information and belief, Aripack obtains its single serve beverage pods from offshore manufacturers, and sells those products to beverage companies, distributors, and/or retail customers throughout the United States. At present, the complete identities of the manufacturers, distributors, and retailers are unknown, but may be joined to this action once identified.

13. On information and belief, Aripack has made, and is currently making, using, selling, importing into the United States, distributing, and/or offering for sale products that infringe at least one claim of a valid patent held by Printpack Illinois, as set forth specifically below.

**<u>COUNT I – INFRINGEMENT</u>**
**(U.S. Design Patent No. D638,142)**

14. Plaintiffs restate and incorporate the averments set forth in the above paragraphs as if fully set forth herein.

15. On October 21, 2014, United States Design Patent No. D715,649 (the "'649 Patent") entitled "CONTAINER" was duly and legally issued by the United States Patent and Trademark Office, protecting the new, original, and ornamental design for a container as shown and described in the '649 Patent.

16. A true and correct copy of the '649 Patent is attached hereto as Exhibit D.

17. Printpack Illinois is the owner, by assignment, of all right, title, and interest in the '649 Patent, and has the right to bring suit for patent infringement thereon.

18. As a licensee of the '649 Patent, Printpack is authorized, *inter alia*, to make, use, sell, offer for sale, and/or import into the United States, products having the ornamental design protected by the '649 Patent.

19. By way of non-limiting example, representative images of select aspects of the ornamental design protected by the '649 Patent are set forth below:



FIG. 1



FIG. 2



FIG. 3

FIG. 4



FIG. 5



(Exhibit D).

20. Defendant Aripack manufactures or causes to be manufactured, uses, imports, offers for sale, and/or sells single serve beverage pods (the "Aripack Pods") within the United States.

21. By way of non-limiting example, examples of the Aripack Pods, displayed on Aripack's website, are shown below:




(Exhibit E, *see also* Exhibits F, G).

22. The Aripack Pods embody the design covered by the '649 Patent and infringe the '649 Patent. Specifically, the Aripack Pods are substantially the same as the patented design claimed in the '649 Patent, when viewed by an ordinary observer in the context of the prior art. Aripack has infringed and continues to directly infringe, either literally or through the doctrine of equivalents, the '649 Patent by making, using, importing into the United States, offering to sell, and/or selling, the Aripack Pods, in violation of 35 U.S.C. § 271(a).

23. On information and belief, Aripack has made and is continuing to make unlawful gains and profits from its infringement of the '649 Patent.

24. On information and belief, Aripack obtained and copied Printpack's

own beverage pod in order to create the Aripack Pods, and Aripack possesses a tool used to produce the infringing Aripack Pods. As a result, Aripack has had knowledge, or should have had knowledge, of the '649 Patent since the issuance date of October 21, 2014.

25. Furthermore, Aripack has had knowledge of the '649 Patent prior to this action, because Printpack printed the '649 Patent number on its product packaging, as exemplified below:




(Exhibit H) (red circle added).

26. On January 27, 2017, Printpack Illinois sent Aripack a cease and desist letter, notifying Aripack of its infringing acts regarding the '649 Patent, and, *inter alia*, demanding that Aripack cease those infringing activities. (Exhibit I).

27. Nevertheless, Aripack continued to infringe the ‘649 Patent by making, using, selling, offering for sale, and/or importing into the United States, the Aripack Pods. For example, Aripack’s website reveals that from February 27, 2017 to March 1, 2017, Aripack intended to attend the “Pack Expo East” trade show, and to display the Aripack Pods:

www.aripack.com

Packaging Events

PACK EXPO EAST
Philadelphia, PA USA
ADVANCING PROCESSING & PACKAGING
Come see our Lafer Demo at Booth # 1015

Meet us at the Expo to get exclusive offers of Packaging Equipment and see our Exclusive innovative Packaging Solutions!

Located in **Booth #1015**

Date: Monday, February 27 – Wednesday, March 1, 2017
10:00 am – 4:00 pm daily

Pennsylvania Convention Center
Philadelphia, Pennsylvania USA

Equipment



Come See a Live Demo of a Lafer HFFS at our Booth in Pack Expo East Philadelphia 2017.

Come see us at **Booth #1015**

We are pleased to offer exclusive show pricing on one of our top quality Packing Equipment from Lafer! Don't miss your chance at this show, we will be providing live demo's every day.

We have Equipment and Packaging Solutions for a variety of industries, and can customize everything according to your needs.




(Exhibit J) (red circle added).

28. As a result of the information displayed on Aripack's website shown at Exhibit J, on information and belief, Aripack did attend the Pack Expo East show from February 27, 2017 to March 1, 2017 and committed acts of

infringement by using, selling, and/or offering for sale the Aripack Pods after Aripack received the cease and desist letter.

29. On information and belief, the Aripack Pods continue to be sold to the general public. For example, as of March 24, 2017, the Aripack Pods are still being offered for sale and sold at The Fresh Market grocery store in Williamsburg, Virginia.

30. Plaintiffs have suffered damages by reason of Aripack's infringement of the '649 Patent for which Plaintiffs are entitled to relief under 35 U.S.C. §§ 284 and 289, including enhanced damages due to Aripack's willful infringement, and Plaintiffs will suffer additional and irreparable damages unless Aripack is enjoined by this Court from continuing its infringement.

31. Aripack's acts of infringement have caused and continue to cause irreparable harm to Plaintiffs. Plaintiffs do not have an adequate remedy at law.

## DEMAND FOR JURY TRIAL

32. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury as to all issues so triable in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

(a) that Aripack be declared to have infringed the patented design claimed in the ‘649 Patent;

(b) that the Court order Aripack to disclose the names of its customers, suppliers, and manufacturers of the Aripack Pod and issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the ‘649 Patent by Aripack, its officers, agents, employees, attorneys, representatives, customers, suppliers, manufacturers, and all others acting in concert therewith;

(c) that the Court order an accounting for all monies received by or on behalf of Aripack and all damages sustained by Plaintiffs as a result of Aripack’s aforementioned infringements, that such monies and damages be awarded to Plaintiffs, and that interest and costs be assessed against Aripack pursuant to 35 U.S.C. § 284;

(d) alternatively, with respect to Count I, that the Court order an accounting of the total profit of Aripack arising from Aripack’s aforementioned infringement of the ‘649 Patent, and that such total profits be awarded to Plaintiffs pursuant to 35 U.S.C. § 289;

(e) that the Court find Aripack a willful infringer and award enhanced damages for up to three times the amount of damages found against Aripack, pursuant to 35 U.S.C. § 284;

(f) that the Court declare this an exceptional case and order that Aripack pay to Plaintiffs their reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

(g) that the Court award such further and other relief to Plaintiffs as the Court deems just, together with its costs and disbursements in this action.

Dated: March 28, 2017

Respectfully submitted,

EVERSHEDS SUTHERLAND (US) LLP

*/s/ Ann G. Fort*

Ann G. Fort (GA Bar No. 269995)
Robert R.L. Kohse (GA Bar No. 863748)
999 Peachtree St. NE, Suite 2300
Atlanta, GA 30309
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
annfort@eversheds-sutherland.com
robkohse@eversheds-sutherland.com

*Attorneys for Printpack, Inc. and Printpack Illinois, Inc.*